
NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MELVIN D. WOOLFOLK,<br><br>    Petitioner,<br><br>V.<br><br>JEFF GRONDOLSKY, Warden,<br><br>    Respondent. | Civil Action No. 6: 06-405-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Melvin D. Woolfolk ("Woolfolk"), an inmate incarcerated at the Federal Correctional Institution in Manchester, Kentucky, has submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 and has paid the filing fee. [Record No. 2] This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Woolfolk is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court, however, may dismiss the petition at any time or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

ALLEGATIONS AND CLAIMS

Woolfolk challenges his conviction in the United States District Court for the Southern District of Illinois for being a felon in possession of a firearm. He alleges the following facts in support of his position:

On September 23, 1998, in Criminal Action No. 98-CR-30115, a jury in the Southern District of Illinois convicted Woolfolk. On March 8, 1999, that Court sentenced him to 276 months' incarceration. Woolfolk appealed, claiming insufficient evidence, newly discovered evidence, and the trial court's abuse of discretion in not taking the jury to view the place of his arrest. The appellate court rejected his claims and affirmed the conviction. Woolfolk provides a copy of that opinion, which is now reported at *United States v. Woolfolk*, 197 F.3d 900 (7th Cir. 1999), *cert. denied*, *Woolfolk v. United States*, 529 U.S. 1081 (2000).

Woolfolk then unsuccessfully challenged the conviction *via* a motion to set aside, alter or amend the criminal judgment pursuant to 28 U.S.C. §2255. He has also provided a copy of the trial court's May 24, 2001, memorandum and order denying §2255 relief. In it, the Court rejects the evidentiary claims as already having been decided against Woolfolk on appeal and finds no merit in the Petitioner's new claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Woolfolk next sought to challenge the same conviction in a habeas petition. While he was incarcerated in a federal prison in Colorado, on July 24, 2003, Woolfolk filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the District of Colorado. This time, the Petitioner claimed that the conviction was invalid

on seven grounds. *Woolfolk v. Gallegos*, Civil Action No. 03-ES-1335. However, he was again denied relief.

In the order denying §2241 relief (attached to the instant petition), the Colorado District Court did not reveal the substance of the seven claims, nor did it reach any of them on the merits. Instead, the court found that Woolfolk had not satisfied the prerequisites for the court to entertain §2255 claims about a conviction in a §2241 petition (*i.e.*, he had not demonstrated that his motion by §2255 was inadequate or ineffective to test the legality of his detention, and his claim of actual innocence was based on insufficient evidence, an issue raised and rejected on his direct appeal). Accordingly, the Colorado District Court denied the §2241 petition and dismissed the cause of action based on Woolfolk's failure to state a claim upon which relief may be granted. It also denied him permission to proceed with an appeal *in forma pauperis* on the ground that the appeal would not be taken in good faith.

Now having been transferred to a BOP prison in the Eastern District of Kentucky, Woolfolk has come to this Court with another §2241 petition. This time, the Petitioner raises claims of ineffective assistance of counsel based on: (i) his attorney's stipulating to a violation of interstate commerce; (ii) the trial court's lack of jurisdiction, which purportedly renders the resulting judgment is void; and (iii) the Petitioner's "actual innocence." Further, Woolfolk claims that under the terms of the "savings clause" of 28 U.S.C. §2255, this Court has §2241 jurisdiction to rule on these claims and grant him relief from the conviction. Therefore, Woolfolk asks that the Court vacate his conviction and order his immediate release.

## DISCUSSION

Ordinarily, Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). However, it is not generally available to challenge the underlying conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the fifth paragraph of Section 2255, commonly called the "savings clause," does permit a prisoner to seek habeas corpus relief under Section 2241. But by its express terms, it may be used only in the extraordinary situation where the prisoner's remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. The courts are consistent in restricting such use of 2241 to the rare habeas petitioner who carries the burden of demonstrating that his Section 2255 remedy is truly inadequate and ineffective. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Therefore, before Woolfolk's present claims may be considered on the merits under Section 2241, this Court must determine whether his remedy under Section 2255 was/is truly "inadequate or ineffective." As the Colorado District Court found, this Court also concludes that Woolfolk has again failed to demonstrate the prerequisites for this Court to consider his claims on the merits under Section 2241.

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756. Likewise, §2241 is not a "catch all" remedy that may be invoked for convenience. *Id.* at 758. The *Charles* Court also made clear that a prisoner also cannot satisfy the inadequate or ineffective requirement merely by demonstrating that he is time-barred from bringing a Section 2255 motion. *Id.* at 757.

Subsequent to *Charles,* the United States Court of Appeals for the Sixth Circuit decided *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), which answered a question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable, and hence ineffective to raise a new claim, *and* where he claims "actual innocence." The court answered the question in the affirmative.

The *Martin* Court explained that a viable claim of "actual innocence" arises only where the petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute. In such instances, there may arise a significant risk that the petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted.

By the express terms of the statute, Section 2255 permits a petitioner to bring a second or successive Section 2255 motion only if it is: (1) based upon newly-discovered evidence that casts significant doubt on petitioner's guilt of the offense, or (2) based upon a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases. Because a Supreme Court decision interpreting a criminal statute does not fall within either of these exceptions, a prisoner like the petitioner in *Martin* cannot bring a second or successive Section 2255 motion. Therefore, prisoners often try to use Section 2241 to bring their claims before the court in the district where they are in custody.

Such appears to be the situation presented here. According to Woolfolk, he has already filed the one §2255 motion to which all prisoners are entitled. That motion, however, was denied. Because he is not permitted a second Section 2255 motion under the standards discussed above, he has brought his claim about the trial court to this Court, pursuant to §2241. The Petitioner flatly contends that this Court has jurisdiction under the savings clause because his remedy by a §2255 motion on these claims is inadequate and ineffective *and* he is actual innocent. Therefore, he asserts, this Court may hear his claims herein under its §2241 jurisdiction.

As stated above, for this Court to reach the merits of a challenge to a conviction and/or sentence under its §2241 jurisdiction, the prisoner must make show: (1) that his or her remedy under Section 2255 is inadequate or ineffective to challenge the legality of his/her conviction *and* (2) that he or she has a claim of actual innocence under an intervening Supreme Court case interpreting the criminal statute under which he/she was convicted. *Martin*, 319 F.3d at 804; *see*

*In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").[1]

Having evaluated Woolfolk's claims under the analytical framework described above, the Court finds that the Petitioner has again failed to pass the threshold test for such use of Section 2241. He has not established either of the prerequisites for using §2241. The Petitioner has not shown how Section 2255 is inadequate or inadequate to raise the claims asserted in this action. The claims about jurisdiction and counsel's assistance were all available to him earlier (*i.e.*, at the time of his appeal and at the time of his §2255 motion). Nor does the Petitioner give any basis for his claim of actual innocence based on an intervening Supreme Court decision.

With regard to the importance of the second component, *Martin* explained how an intervening Supreme Court case interpreting the statute under which the prisoner was convicted can make the prisoner's conduct not criminal. *Martin*, 319 F.3d at 805 (The claim of actual innocence of criminal conduct must be based on a Supreme Court decision "[involving] statutory interpretation," which was "decided after the defendant filed his first Section 2255 motion"). Woolfolk points to no such decision.

---

[1] *See also United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000) (*Bousley v. United States*, 523 U.S. 614, 620 (1998), teaches that when the Supreme Court narrows the interpretation of a criminal statute enacted by Congress, that interpretation may be applied retroactively to §2255 motions for post-conviction relief); and *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) ("a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was for an act that the law does not make criminal," citing *Davis v. United States*, 417 U.S. 333 (1974)).

A petitioner must do more than just mouth "inadequate and ineffective" and "actual innocence." He must support them factually and legally. Because Petitioner Woolfolk has not established the two requirements for use of the savings clause of §2255, he cannot pursue the instant claims in this Court under §2241. The Court will not permit him to sidestep the prior approval mechanism for bringing a second or successive §2255 motion, as set out in §2244(b)(3), by entertaining the claims here under §2241.

CONCLUSION

For the foregoing reasons, the Court will dismiss this §2241 petition for failure to state a claim upon which relief may be granted. Accordingly, it is hereby

**ORDERED** as follows:

(1)     Petitioner Woolfolk's §2241 petition for habeas corpus herein [Record No. 1] is **DENIED** and this action is **DISMISSED**, *sua sponte*, from the docket of the Court, for the Petitioner's failure to state a claim upon which this Court may grant relief.

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 27th day of March, 2007.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge